UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIHAD THAIFF MONSOUR,  )
        Petitioner,  )  3:11-cv-00156-LRH-VPC
vs.  )  **ORDER**
GREG SMITH, *et al.*,  )
        Respondents.  )

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 8).

**I. Procedural History**

A criminal complaint was filed on August 5, 2004, charging petitioner with one count of sexual assault with a deadly weapon, one count of sexual assault, and one count of assault with a deadly weapon. (Exhibit 2).[1] The justice court ordered a competency evaluation of petitioner. (Exhibit 3). In the Second Judicial District Court, in the County of Washoe, for the State of Nevada, petitioner was found competent to stand trial. (Exhibit 8). The State filed an information charging petitioner with the same three counts listed in the criminal complaint. (Exhibit 11).

On August 30, 2006, after a three-day jury trial, petitioner was found guilty of sexual assault with a deadly weapon (Count I), sexual assault (Count II), and assault with a deadly weapon (Count III). (Exhibit 27). The state district court sentenced petitioner on October 25, 2006, to three

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 9-11.

consecutive life sentences on Counts I and II, and an additional consecutive term of 28-72 months on Count III. (Exhibit 31). Petitioner filed a timely notice of appeal. (Exhibit 33). The Nevada Supreme Court affirmed petitioner's conviction, but granted him a new sentencing hearing because the state district court judge's comments during the sentencing hearing "indicate[d] that the judge's impartiality was compromised." (Exhibit 49, at p. 7). The Nevada Supreme Court vacated the sentence and remanded the case to state district court for a new sentencing hearing. (Exhibit 49).

On remand, the state district court randomly reassigned the case to a different state court judge for sentencing. (Exhibits 50-52). At a hearing on October 8, 2008, the state district court re-sentenced petitioner to three consecutive life sentences with the possibility of parole beginning at ten years on Counts I[2] and II, and an additional term of 28-72 months on Count III, to run concurrent to the life terms imposed in Counts I and II. (Exhibits 62 & 64). Petitioner did not file a direct appeal of his new sentencing.

On December 31, 2009, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 69). The State moved to dismiss the petition. (Exhibit 77). After briefing of the State's motion to dismiss, the state district court held a hearing on the issue of timeliness under NRS 34.726, and ultimately dismissed the petition as untimely. (Exhibits 77, 80, 81, 90-91, & 94). Petitioner filed a notice of appeal. (Exhibit 95). Petitioner's appeal from the dismissal of his state habeas petition is currently pending before the Nevada Supreme Court, at Case No. 58148.

Petitioner dispatched his federal habeas petition to this Court on February 28, 2011. (ECF No. 4). Petitioner raises ten grounds for relief in the federal petition. (*Id.*).

**II. Discussion**

Respondents move to dismiss the federal habeas petition because it is untimely under the AEDPA statute of limitations. Respondents raise additional bases for dismissal, however, the Court finds that the untimeliness of the federal petition is dispositive in this case.

---

[2] Count I resulted in two consecutive life sentences with the possibility of parole beginning at ten years – one life term was for the underlying substantive offense and one life term was for the deadly weapon enhancement.

2

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review elapses. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). Once the judgment of conviction is final, the defendant has 365 days to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, the judgment of conviction following petitioner's re-sentencing was entered on October 22, 2008. (Exhibit 64). The time for directly appealing the judgment of

1 | conviction upon re-sentencing expired on November 22, 2008.  Petitioner would have needed to file
2 | his federal petition by November 22, 2009.  Petitioner filed his federal habeas petition in this Court
3 | on February 28, 2011.[3]  (ECF No. 4, at p. 1).  As such, the federal petition is untimely by over 15
4 | months.  Further, the Court notes that petitioner did not file his state habeas petition challenging his
5 | re-sentencing until December 31, 2009, which was 39 days after the expiration of the AEDPA's
6 | statute of limitations.  (Exhibit 69).  An application for state post-conviction relief does not toll the
7 | AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has
8 | expired.  *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

9 | The United States Supreme Court has held that the AEDPA's statute of limitations "is subject
10 | to equitable tolling in appropriate cases."  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  The
11 | Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that
12 | he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
13 | way' and prevented timely filing."  *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544
14 | U.S. 408, 418 (2005)).  In making a determination on equitable tolling, courts must "exercise
15 | judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often
16 | hard to predict in advance, could warrant special treatment in an appropriate case."  *Holland*, 130
17 | S.Ct. at 2563.  In the instant case, petitioner has failed to make any showing that he pursued his
18 | rights diligently and that any extraordinary circumstance prevented him from filing a timely federal
19 | petition.  Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

**III. Certificate of Appealability**

21 | In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28
22 | U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951
23 | (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a
24 | petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

---

[3] The federal petition indicates that petitioner mailed his petition on February 28, 2011. (ECF No. 4, at p. 1).  Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 8) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 29th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE